RUCKER, J.,
dissenting.
I respectfully dissent. Reversing the trial court's judgment the Court of Appeals majority coneluded "[t}he trial court abused its discretion in denying the Gu-nashekars' pro se motion to continue after their trial attorney withdrew six weeks prior to trial." Gunashekar v. Grose, No. 02A03-0712-CV-614, 2008 WL 3311840 (Ind.Ct.App. Aug. 12, 2008). Although it *958 may be correct to say that the trial court did not actually abuse its discretion, I do agree that the denial of the motion to continue was grounds for reversal. Involving a claim and counterclaim, and requiring at least some comprehension of insurance proceeds, negotiable instruments, joint and several liability, real estate ownership, contract compliance, attorney fee damages, civil damages for eriminal conduct, and preparation for trial, this case presented a level of complexity that few if any pro se litigants would have been able to navigate successfully. With a potential exposure, and indeed an ultimate adverse judgment, of nearly a half million dollars the Gunashekars needed the assistance of trained legal counsel. Fairness and equity required the trial court to afford the CGunashekars a reasonable delay to accomplish this end. I also note that in this appeal Grose makes no assertion that she would have suffered any prejudice had the trial court granted the motion to continue. I would therefore reverse the judgment of the trial court and remand this cause for further proceedings.